

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY SCOTT HERMANSKI,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

3:13-cv-00127-RCJ-VPC

**ORDER**

        Gregory Scott Hermanski, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #1-1). His application to proceed *in forma pauperis* (ECF #1) is granted. It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

        The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

        According to the habeas petition, petitioner's judgment of conviction was entered on May 18, 2001 and a second amended judgment of conviction was entered on July 27, 2006. It appears from

the available records and exhibits attached to the petition that the Nevada Supreme Court affirmed the denial of the last of a series of petitioner's various postconviction petitions and motions on November 2, 2006. Petitioner then apparently took no action whatsoever until he filed a motion to correct an illegal sentence on February 9, 2010. The instant federal habeas petition was mailed to the court or handed to a corrections officer for mailing on March 11, 2013, far beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** petitioner's motion for extension of copywork limit (ECF #1-3).

**IT IS FURTHER ORDERED** that petitioner's motion for extension of the copywork limit is **GRANTED**. The Nevada Department of Corrections **SHALL CREDIT** petitioner $20.00 if needed for copies in order to file and serve his response to this Order to Show Cause **ONLY**.

Dated this 17th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE