1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   GREGORY SCOTT HERMANSKI,

10          Petitioner,                          Case No. 3:13-cv-00127-RCJ-VPC

11   vs.                                         **ORDER**

12   ISIDRO BACA, et al.,

13          Respondents.

14

15          The court directed (#5) petitioner to show cause why the court should not dismiss this action

16   as untimely.  Petitioner has submitted a response (#9), a supplement to the response (#11), and a

17   motion for a leave to file a supplemental response (#14).  The court grants the motion for leave to

18   file a supplemental response.  The court is not persuaded by the arguments in these documents.  The

19   court will dismiss this action.

20          In his supplemental response, petitioner agrees that this action is untimely.  Instead, across

21   the three documents that he has filed he presents multiple arguments why the court should excuse

22   the operation of the statute of limitations in 28 U.S.C. § 2244(d)(1).

23                              **Facts and procedural history**

24          The court has summaries of the evidence presented at trial through the appellate briefs that

25   petitioner has attached to his documents.  On April 22, 2000, shortly before 1:00 p.m., an employee

26   of a motel in Las Vegas, Nevada, was robbed at knife point.  She emptied out the cash drawers, and

27   the robber stuffed the money into his pockets.  She called police and gave a description of the robber

28   to the responding officer.  About 30 minutes later, another officer saw petitioner, who resembled the

1   description, at a truck stop a half mile away by street.  Petitioner was speaking with a truck driver.

2   The officer approached petitioner.  Petitioner fled and was captured quickly.  A search revealed

3   stuffed into his pockets an amount of money similar to, but not equal to, the amount stolen from the

4   motel, and a knife with a blade length similar to that the robber used.  The motel employee was

5   brought to the area where petitioner was arrested, and she identified petitioner as the robber.

6           Petitioner testified at trial.  His defense was that he was a casual laborer whom truck drivers

7   would hire to help load and unload cargo.  He testified that he was at the truck stop on April 22,

8   2000, because he had finished with a job and was waiting for the truck driver to pay him.  He also

9   testified that he had been paid that day for an earlier job.  While waiting, he played craps with other

10  laborers, won, and stuffed the money into his pockets when the truck driver arrived.  He approached

11  the truck driver, who paid him.  He then ran away when he saw the police officer approach because

12  he was afraid that there was a warrant out for his arrest for a parole violation.

13          Throughout the trial and the initial direct appeal, and partway through the proceedings after

14  remand, petitioner used a false identity, Robert James Day.

15          The jury found petitioner guilty of robbery with the use of a deadly weapon and burglary

16  while in possession of a deadly weapon.  Based upon the criminal history of a real Robert James

17  Day, the trial court adjudicated petitioner to be a habitual criminal and sentenced him to serve 10 to

18  25 years in prison.

19          On direct appeal, the Nevada Supreme Court affirmed in part and remanded for correction of

20  three errors in the judgment of conviction.  First, the judgment stated erroneously that petitioner

21  pleaded guilty.  Second, the judgment did not refer to the statute under which petitioner was

22  sentenced.  Third, the trial court imposed only one sentence and the trial court needed to impose one

23  sentence for each crime.  Day v. State, No. 38028 (Nev. Nov. 15, 2001) (order attached to petition).

24          After the remand, petitioner's true identity was discovered.  The trial court vacated the

25  sentence, adjudicated petitioner as a habitual felon pursuant to Nev. Rev. Stat. § 207.012 based

26  upon his actual criminal history, and sentenced him to serve two concurrent sentences of life in

27  prison without the possibility of parole.  Petitioner appealed, and the Nevada Supreme Court

28  affirmed.  Hermanski v. State, No. 41405 (Nev. Jul. 1, 2004) (order attached to petition).

-2-

1    Petitioner then filed in state district court a post-conviction habeas corpus petition. The state

2  district court denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed on all

3  substantive grounds. It remanded to the district court to correct the judgment so that the judgment

4  would say that petitioner was adjudicated as a habitual felon under Nev. Rev. Stat. § 207.012, and

5  not a habitual criminal under Nev. Rev. Stat. § 207.010. Hermanski v. State, No. 47011 (Nev. Jul.

6  13, 2006) (order attached to petition).

7    The state district court entered a second amended judgment of conviction that mentioned the

8  correct statute. Petitioner appealed. The Nevada Supreme Court dismissed the appeal because the

9  district court complied with the limited remand and corrected the clerical error; there was nothing

10  for petitioner to appeal. Hermanski v. State, No. 47963 (Nev. Oct. 3, 2006) (order attached to

11  petition.

12    After conclusion of the state post-conviction proceedings, petitioner filed two motions to

13  correct an illegal sentence, in 2010 and 2011. The district court denied both motions. Petitioner

14  appealed both denials. The Nevada Supreme Court's ruling was the same in each case: Petitioner's

15  claim was outside the limited scope allowed under a motion to correct an illegal sentence.

16  Hermanski v. State, No. 55718 (Nev. Sep. 9, 2010); Hermanski v. State, No. 58688 (Nev. Nov. 18,

17  2011) (orders attached to petition).

18    Petitioner mailed the current federal habeas corpus petition to this court on March 11, 2013.

19                **Lack of jurisdiction in state courts**

20    First, petitioner argues that the state district court lacked jurisdiction to adjudicate and

21  sentence him as a habitual criminal, and that he can raise a question of jurisdiction at any time.

22  Response, at 3-7 (#9). However, the language of the statute of limitation contains no such

23  exceptions for the question of jurisdiction, and no court has determined that such exceptions exist.

24  Cf. Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (holding that no exception for

25  jurisdictional challenges exists for equivalent period of limitations of motion attacking a federal

26  sentence pursuant to 28 U.S.C. § 2255).

27  ///

28  ///

1                                             **Martinez v. Ryan**

2         Petitioner also argues that the court should excuse a procedural default based upon Martinez

3 v. Ryan, 132 S. Ct. 1309 (2012).  Response, at 7-9 (#9).  In Martinez, the Court held:

4                  Where, under state law, claims of ineffective assistance of trial counsel must be
                 raised in an initial-review collateral proceeding, a procedural default will not bar a

5                  federal habeas court from hearing a substantial claim of ineffective assistance at trial
                 if, in the initial-review collateral proceeding, there was no counsel or counsel in that

6                  proceeding was ineffective.

7 Id. at 1320 (emphasis added).  The distinction between procedural default and untimeliness is

8 important.  A claim is procedurally defaulted in federal court if the decision of the state court

9 regarding that claim rested on a state-law ground that is independent of the federal question and

10 adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  In

11 petitioner's case, procedural default is not the issue.  The court has not determined that it cannot

12 reach the merits of petitioner's claims due to state-court applications of state law.  Rather, the court

13 has determined that the federal habeas corpus petition is untimely because of application of federal

14 law, 28 U.S.C. § 2244(d).  Martinez is inapplicable to petitioner's situation.

15                           **Access to the prison law library**

16         Petitioner argues that the removal of access to the prison law library is deserving of equitable

17 tolling.  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

18 pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

19 prevented timely filing."  Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting

20 Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Petitioner alleges that he was able to read law

21 books to research the grounds in his state habeas corpus petition, filed on July 13, 2005.  However,

22 by the time that the state habeas corpus proceedings concluded, on October 31, 2006, he alleges that

23 only one month remained in the federal period of limitation, that the prison had converted the law

24 library to computer research only, and that he did not know how to use a computer.  However,

25 petitioner did not mail his federal habeas corpus petition until March 11, 2013, about six and a half

26 years after his state habeas corpus proceedings concluded.  Even if petitioner did not know how to

27 use a computer for legal research in 2006, he has not explained how he could not have learned to

28 use the computer in a shorter time than that.  Furthermore, the inability to use a computer did not

1    prevent petitioner from filing his two illegal-sentence motions in 2010 and 2011, in which he raised

2    the same issues that he raises in grounds 1 and 2 of the federal petition.  Ignorance of computer-

3    research techniques cannot selectively prevent petitioner from commencing only certain types of

4    actions, particularly when the subject matters of all those actions are the same.

5                                              **Actual innocence**

6          Petitioner argues that he has evidence of actual innocence.  Actual innocence can excuse

7    operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A]

8    petitioner does not meet the threshold requirement unless he persuades the district court that, in light

9    of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

10   reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence'

11   means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614,

12   623 (1998).

13         Petitioner's bases his argument for actual innocence upon an affidavit by a person named

14   Jones Beck.  Beck states in his affidavit that he worked with a petitioner on April 22, 2000, and that

15   he, another person, and petitioner returned to the truck stop at or before 12:00 noon.  The truck

16   driver left to cash a check, so that the driver could pay the three men.  The driver returned 45

17   minutes to an hour later and paid the men.  Beck and the other laborer walked to a convenience store

18   to purchase beer.  On the way back to the truck stop, he saw petitioner being taken into custody.

19   Beck did not want to become involved, and he left the area.  Beck concludes that in the time he took

20   to go to the convenience store and return, petitioner could not have gone to the motel on foot,

21   robbed the cashier, and then returned to the truck stop.

22         Petitioner did not present Beck's testimony at trial.  In a motion for a new trial filed after the

23   remand for correction of the judgment of conviction and before entry of the amended judgment, his

24   counsel argued that she and her investigator were unable to find anybody who had worked with

25   petitioner on April 22, 2000, because petitioner was in jail before trial and was unable to assist with

26   the investigation.  Beck states that he met petitioner again while the two were inmates at the same

27   prison, and petitioner told Beck that he had been convicted of the robbery.

28

1    The state district court denied the motion for a new trial.  Petitioner did not raise the issue of

2    Beck's affidavit in his appeal from the first amended judgment of conviction.  See Hermanski v.

3    State, No. 41405.  In his state habeas corpus petition, he claimed that appellate counsel provided

4    ineffective assistance because appellate counsel did not raise the issue on appeal.  The Nevada

5    Supreme Court rejected the claim because petitioner did not indicate what arguments appellate

6    counsel should have made.  Hermanski v. State, No. 47011, at 5.

7    The court is not convinced that if Beck's affidavit, in combination with the other evidence,

8    would mean that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

9    First, Beck's affidavit does not actually provide petitioner with an alibi.  The motel was a half mile

10   by street from the truck stop.  Beck states that he and petitioner returned to the truck stop at or

11   shortly before 12:00 noon.  Beck then states that the truck driver returned to pay him and petitioner

12   45 minutes to an hour later, or as early as 12:45 p.m.  Beck then left to buy beer.  The motel was

13   robbed shortly before 1:00 p.m.  Police found petitioner at the truck stop about a half hour after the

14   robbery, or 1:30 p.m.  Even if Beck's statements are correct, petitioner had plenty of time to go to

15   the motel on foot by public streets, rob it, and then return to the truck stop.  Beck's affidavit does

16   not provide petitioner with an alibi; it merely establishes that petitioner was not at the robbery

17   location when the robbery was not occurring.

18   Furthermore, unlike the witnesses who testified, Beck's affidavit was not subject to cross-

19   examination or a credibility determination.  See Herrera v. Collins, 506 U.S. 390, 417 (1993).  For

20   example, Beck's statement that he went to buy beer after being paid, his statement that he saw

21   petitioner being arrested, and the known time of petitioner's arrest, taken together, means that Beck

22   took thirty to forty-five minutes to walk to a convenience store right next to the truck stop and buy

23   beer.  Beck does not explain why he took so long.  Cross-examination on this obvious question

24   might have led to Beck's entire narrative unraveling.

25                                    **Other motions**

26   The court denies petitioner's motion for appointment of counsel (#7) and motion to extend

27   prison copywork limit for federal habeas corpus action (#15) because the court is dismissing the

28   action.

1   The court grants petitioner's motion for enlargement of time (#8) to file the response.

2   Petitioner has submitted a motion for remand to state court (#10).  Petitioner wants to return

3   to state court to pursue a claim that his counsel on re-sentencing, Paul Wommer, was ineffective

4   because Wommer used a diminished-capacity defense in Wommer's federal criminal trial.  This

5   court cannot remand an action to the state court because this court does not have appellate

6   jurisdiction over the state courts.  A federal habeas corpus petition is a separate action that

7   collaterally attacks a judgment of a state court.  The court cannot stop petitioner from filing a new

8   habeas corpus petition in state court, but the court makes no comment on whether state law would

9   bar consideration of the new claim.  The court also makes no comment on whether a subsequently

10  filed federal habeas corpus petition would be barred for procedural reasons.

11  Petitioner has submitted a motion for return of documents (#13).  Petitioner wants the court

12  to return the state-court orders that he attached to his petition.  If petitioner wants copies of those

13  documents, then he may contact the clerk's office for the price of photocopying services.  The court

14  denies this motion.

15  ### Certificate of appealability

16  To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a

17  certificate of appealability, after making a "substantial showing of the denial of a constitutional

18  right." 28 U.S.C. §2253(c).

19  Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that

20  reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the

21  district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the

22  prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

23  the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

24

25  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th

26  Cir. 2000).  Contained in ground 2 is a claim that petitioner's counsel at re-sentencing, Paul

27  Wommer, provided ineffective assistance.  The habitual-felon statute, Nev. Rev. Stat. § 207.012,

28  contains three possible sentences, and petitioner claims that Wommer did not argue that the court

-7-

1   should impose the least of those sentences.  At this stage of the proceedings, reasonable jurists

2   might find it debatable that petitioner has stated claim of the denial of a constitutional right.

3   Reasonable jurists might also find debatable this court's conclusion that petitioner has not meet the

4   standard for a claim of actual innocence to excuse operation of the statute of limitations.  The court

5   will grant a certificate of appealability on that issue.  Reasonable jurists would not find the court's

6   other conclusions to be debatable, and the court will not issue a certificate of appealability on those

7   issues.

8        IT IS THEREFORE ORDERED that petitioner's motion for enlargement of time (#8) to file

9   the response is **GRANTED**.  The response (#9) shall be deemed timely filed.

10       IT IS FURTHER ORDERED that petitioner's motion for a leave to file a supplemental

11   response (#14) is **GRANTED**.  The clerk of the court shall file the supplemental response that is

12   attached to the motion.

13       IT IS FURTHER ORDERED that petitioners' motion for appointment of counsel (#7),

14   motion for remand to state court (#10), motion for return of documents (#13), and motion to extend

15   prison copywork limit for federal habeas corpus action (#15) are **DENIED**.

16       IT IS FURTHER ORDERED that this action is **DISMISSED** as untimely.  The clerk of the

17   court shall enter judgment accordingly.

18       IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on whether

19   the court was correct in its ruling that petitioner's claim of actual innocence did not excuse

20   operation of the statute of limitations.

21       IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

22   General for the State of Nevada, as counsel for respondents.

23       IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

24   copy of the petition and this order.  No response is required.

25       Dated:       February 18, 2014.

26

27

                            ROBERT C. JONES

28                             United States District Judge