1
2
3
4
5
6
# UNITED STATES DISTRICT COURT
7
## DISTRICT OF NEVADA
8
9    GREGORY SCOTT HERMANSKI,

10            Petitioner,                              Case No. 3:13-cv-00127-RCJ-VPC

11    vs.                                             **ORDER**

12    ISIDRO BACA, et al.,

13            Respondents.

14

15        The court dismissed this action because it was untimely.  Order (#19).  Petitioner has

16    submitted a motion for relief from judgment (#22).  Respondents have submitted a motion for

17    enlargement of time (first request) (#28) to file a response to petitioner's motion.  The court grants

18    respondents' motion and denies petitioner's motion.

19        Petitioner had conceded that the petition was untimely.  He presented three arguments why

20    the court should equitably toll the period of limitation:  Ineffective assistance of appellate counsel,

21    lack of access to the prison's law library, and actual innocence.  The court rejected all those

22    arguments.

23        The motion for relief from judgment focuses on the court's ruling on the question of actual

24    innocence.  In its order dismissing the petition, the court stated:

25        On April 22, 2000, shortly before 1:00 p.m., an employee of a motel in Las Vegas, Nevada,
          was robbed at knife point.  She emptied out the cash drawers, and the robber stuffed the
26        money into his pockets.  She called police and gave a description of the robber to the
          responding officer.  About 30 minutes later, another officer saw petitioner, who resembled
27        the description, at a truck stop a half mile away by street.

28

1    Order, at 1-2 (#19) (emphasis added) (emphasis added).  Petitioner had argued that if the jury had

2    heard Jones Beck's testimony that he was with petitioner at a truck stop then the jury would not

3    have convicted him of robbing a motel.  The court was not persuaded because Beck did not provide

4    petitioner an alibi.  Beck left petitioner's presence before the robbery occurred and did not see

5    petitioner again until petitioner was being taken into custody.  There was enough time for petitioner

6    to have gone to the motel, robbed it, and returned to the truck stop.  Order, at 6 (#19).

7           Petitioner now argues that if the court should have allowed him an extension of his indigent

8    inmate photocopy limit.  He could have provided a copy of the transcript showing that the police

9    officer who noticed petitioner arrived at the truck stop sooner than 30 minutes after the robbery.

10   The court is not convinced.  Petitioner could have provided the same information in his handwritten

11   responses to the court's order directing him to show cause.

12          The underlying facts also do not persuade the court that petitioner has met the actual-

13   innocence exception, because petitioner is not relying upon the new evidence of Jones Beck's

14   affidavit.  "[A] petitioner does not meet the threshold requirement unless he persuades the district

15   court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

16   guilty beyond a reasonable doubt."  Schlup v. Delo, 515 U.S. 298, 329 (1995) (emphasis added).

17   "In order to pass through the actual innocence procedural gateway of Schlup, [petitioner] must show

18   that, in light of all available evidence, it is more likely than not that no reasonable juror would

19   convict him of the relevant crime."  Smith v. Baldwin, 510 F.3d 1127, 1140 (9th Cir. 2007)

20   (emphasis added) (en banc) (citing House v. Bell, 547 U.S. 518, 536-38 (2006)).  Petitioner has

21   provided a copy of a police report stating that the robbery occurred at 12:54 p.m., and he has

22   provided a copy of a page of the trial transcript in which the police officer who found petitioner

23   testified that he arrived at the truck stop at 1:05 p.m. and no later than 1:10 p.m.  Petitioner's new

24   argument has nothing to do with the affidavit of Jones Beck.  As the court has noted several times,

25   Beck left petitioner's presence before the robbery occurred and next saw petitioner when he was

26   being taken into custody.  If the officer arrived at 1:05 p.m. or 1:10 p.m. instead of 1:30 p.m., Beck

27   still could not provide petitioner an alibi for the crucial time.  Instead, petitioner's argument appears

28   to be that he could not have committed the robbery at the motel at 12:54 p.m. and then returned to

1   the truck stop in the time before the police officer arrived at 1:05 p.m. or 1:10 p.m.  Petitioner is not

2   relying on any new evidence and is relying only on evidence presented at trial.  He has not satisfied

3   the requirements of the actual-innocence exception, which requires some new evidence that was not

4   presented at trial.

5         The court already has issued a certificate of appealability regarding its dismissal of the action

6   as untimely.  An appeal is pending currently.  A certificate of appealability from the denial of

7   petitioner's motion for relief from judgment would be redundant, and the court will not issue one.

8         IT IS THEREFORE ORDERED that respondents' motion for enlargement of time (first

9   request) (#28) is **GRANTED**.

10         IT IS FURTHER ORDERED that petitioner's motion for relief from judgment (#22) is

11   **DENIED**.

12         IT IS FURTHER ORDERED that no certificate of appealability shall issue from the denial

13   of petitioner's motion for relief from judgment (#22).

14         Dated:   June 3, 2014.

16   _____
    ROBERT C. JONES
17   United States District Judge

-3-